**XIAO HUI LIN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 07–1690–ag.

United States Court of Appeals, Second Circuit.

April 1, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Oleh R. Tustaniwsky, Brooklyn, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Hui Lin, a citizen of the People's Republic of China, seeks review of a March 26, 2007 order of the BIA affirming the October 17, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Hui Lin,* No. A98 718 140 (B.I.A. Mar. 26, 2007), *aff'g* No. A98 718 140 (Immig. Ct. N.Y. City, Oct. 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part*

*on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ As an initial matter, contrary to the government's argument, we have jurisdiction to review Lin's challenge to the agency's denial of relief under the CAT. Lin's failure to exhaust this category of relief, *see* 8 U.S.C. § 1252(d)(1), is excused because, in its decision, the BIA specifically addressed Lin's CAT claim. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296–297 (2d Cir.2006); *Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1994).

However, in addition to the statutory requirement that petitioners exhaust each category of relief, this Court generally will not consider arguments regarding individual issues that were not exhausted before the agency. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1, 122–123 (2d Cir.2007). While not jurisdictional, this judicially-imposed issue exhaustion requirement is mandatory. *Id.* at 119–120. In particular, a petitioner must challenge all findings that are dispositive of his claims, and the failure to do so is fatal to his petition for review. *See Steevenez v. Gonzales*, 476 F.3d 114, 117–118 (2d Cir. 2007).

■ In his appeal to the BIA, Lin failed to challenge any of the inconsistencies that formed the basis of the IJ's adverse credibility finding.[2] His argument to the BIA regarding credibility, that the IJ should have given him "the benefit of the doubt," was not sufficient to exhaust the argu-

ments he raises before this Court as to the IJ's individual inconsistency and implausibility findings. *See Steevenez*, 476 F.3d at 117–118.

Furthermore, while the BIA referred to the IJ's specific adverse credibility findings, its mere mention of those findings does not excuse Lin's failure to offer any meaningful challenge to those findings before the BIA. *Cf. Waldron*, 17 F.3d at 515 n. 7; *Xian Tuan Ye*, 446 F.3d at 296–297. Indeed, the BIA specifically noted in its decision that Lin did not "specifically address or provide a reasonable explanation for any of the inconsistencies" relied upon by the IJ in her decision.

Thus, because we find that Lin failed to exhaust any challenge to the agency's adverse credibility finding, and because that finding was dispositive of each of Lin's applications for relief, *see Majidi v. Gonzales*, 430 F.3d 77 (2d Cir.2005), we deny the petition for review, *see Steevenez*, 476 F.3d at 117–118.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. We note that the Government has asserted exhaustion as an affirmative defense in this

case. *See Lin Zhong*, 480 F.3d at 124.